FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2012 FEB 24  PM 2: 26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

ERNEST G. THORNTON,            CASE NO.:

    Plaintiff,                          3:12-CV-196-J-34JRK

vs.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff **ERNEST G. THORNTON**, by and through undersigned counsel, and files this Complaint against the Defendant, **NCO FINANCIAL SYSTEMS, INC.**, and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.  Plaintiff is a natural person who resides in Lawtey, Bradford County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5.  Defendant, is a collection agency operating from an address of 1935 West County Road B2, Suite 425, Roseville, Minnesota 55113, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6.  Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

7.  On or about August 17, 2011, Defendant contacted a third party. Defendant's representative stated that the call was in regards to a debt and then the representative requested information about Plaintiff's phone number and whereabouts. Plaintiff had not listed the third party as a reference. When informed by about the call Defendant Plaintiff became extremely embarrassed.

8.  At the time of the call to the third party Defendant was in possession of Plaintiff's current telephone number and address.

### *Summary*

9.  All of the above-described collection actions and communications made to third parties by Defendant and their employees were made in violation of numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 b(2), 1692 e, 1692 e(10), and 1692 f, amongst others as well as multiple provisions of the FCCPA, including but not limited to Section 559.72(5) and 559.72(6).

10. The above-detailed conduct by the Defendant of harassing Plaintiff's friends and neighbors in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

11. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused her unnecessary personal strain in her relationships, as well as with other family members.

12. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

13. The foregoing acts of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

14.  As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

15.  As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

16.  Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

COLLINS & STORY, P.A.

Max Story, Esquire
Florida Bar No. 0527238
233 East Bay Street, Suite 920
Jacksonville, Florida 32202-3456
Telephone: (904) 355-0805
Fax: (904) 634-1507
max@collinsstorylaw.com
Attorney for Plaintiff